IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DEMBA KORERA,

        Petitioner,

v.

WARDEN, FEDERAL DETENTION
CENTER, PHILADELPHIA, et. al.,

        Respondents.

CIVIL ACTION
NO. 26-859

## ORDER

**AND NOW**, this 18th day of February, 2026, upon consideration of Petitioner Demba

Korera's Petition for Writ of Habeas Corpus (Doc. No. 1), Petitioner's Motion for a Temporary

Restraining Order (Doc. No. 2), and Respondents' Response in Opposition to Petitioner's Habeas

Petition and Petitioner's Motion for a Temporary Restraining Order (Doc. No. 4), it is

**ORDERED** that Petitioner's Petition for Writ of Habeas Corpus (Doc. No. 1) is **GRANTED** and

Petitioner's Motion for a Temporary Restraining Order (Doc. No. 2) is **DENIED as moot**.[1]  It is

**FURTHER ORDERED** as follows:

---

[1]  Petitioner Demba Korera ("Petitioner") is a citizen of Mauritania who entered the United
States through the southern border in April of 2023.  (Doc. No. 1 at 1, 4.)  During a check-in
with United States Immigration and Customs Enforcement ("ICE") in Philadelphia on
February 10, 2026, Petitioner was detained by ICE agents.  (Id. at 1.)  Petitioner is currently
detained at the Federal Detention Center ("FDC") in Philadelphia.  (Id.)

On the same day of his detention—February 10, 2026—Petitioner filed a Petition for Writ of
Habeas Corpus (Doc. No. 1), which is now before the Court.  In that Petition, he asks the
Court to order his release, or—in the alternative—to be given a bond hearing before an
Immigration Judge.  (Doc. No. 1 at 4.)  Later that day, Petitioner filed a Motion for a
Temporary Restraining Order ("TRO"), again requesting the Court to order his immediate
release.  (Doc. No. 2 at 9.)   On February 11, 2026, Respondents filed a Brief in Opposition
to Petitioner's Habeas Petition and his Motion for a TRO.  (Doc. No. 4.)  The Petition and the
Motion are now ripe for disposition.

In his Petition, Petitioner submits that Respondents are detaining him in violation of 8 U.S.C. § 1226(a), its corresponding regulations, and the Due Process Clause of the Fifth Amendment. (Doc. No. 1 at 7–9.)  Respondents counter this submission by contending that Petitioner's detention does not violate the Due Process Clause because 8 U.S.C. § 1225(b)(2) requires mandatory detention for applicants for admission to the United States. (See Doc. No. 4 at 15–16.)  However, since (1) Petitioner's Due Process claims are predicated on his statutory claims, and (2) his detention has only lasted for a short duration, the Court will focus its analysis on Petitioner's statutory claims. See Kashranov v. Jamison, No. 25-cv-5555, 2025 WL 3188399, at *5 (highlighting that "if Section 1226 governs, then [petitioner] has due process rights…").

Second, Respondents assert that their authority to detain Petitioner stems not from 8 U.S.C. § 1226(a), but instead from 8 U.S.C. §1225(b)(2). (Doc. No. 4 at 6–15.)  That distinction matters because Section 1226(a) provides procedural protections for detainees—protections that Section 1225(b)(2) lacks. See 8 C.F.R. § 1236.1(d), (c)(8) (providing those detained under Section 1226(a) with individualized custody determinations, bond hearings, and rights of appeal); see also Jennings v. Rodriguez, 583 U.S. 281, 306 (2018) ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention.").  If, instead, Respondents are correct that Section 1225(b)(2) applies to Petitioner, then Petitioner's continued detention is not only mandatory, but Petitioner's request for a bond hearing is baseless.

Respondents cite to a recent panel decision of the United States Court of Appeals for the Fifth Circuit, in which the majority adopted Respondents' interpretation of the interplay between Section 1225(b)(2) and Section 1226(a). (Doc. No. 4 at 13–14 ) (citing Buenrostro-Mendez v. Bondi, No. 25-20496, 2026 WL 323330 (5th Cir. Feb. 6, 2026)).  In Buenrostro-Mendez, the Fifth Circuit held that Section 1225(b)(2) applied to detainees like Petitioner because—even though they resided in the United States for significant periods of time—they were still "seeking admission" under Section 1225(b)(2). Buenrostro-Mendez, 2026 WL 323330, at *5 ("The petitioners are deemed, by statute, to be applicants for admission pending the resolution of removal proceedings. While they remain applicants, they are presently seeking admission.")

This Court previously addressed Respondents' contentions in Nogueira-Mendes v. McShane, No. CV 25-5810, 2025 WL 3473364, at *1–3 (E.D. Pa. Dec. 3, 2025).  Because the facts and legal issues raised in the present case and in Nogueira-Mendes are virtually the same, the Court will adopt the reasoning outlined in that prior case.  While the Court has considered the Fifth's Circuit's contrary interpretation of the dueling INA provisions at issue here, the Court finds no reason to depart from its prior findings in Nogueira-Mendes or the chorus of unanimous rulings from Judges in this District. See (Doc. No. 3 at 3) ("The vast majority— including all decisions in this district (more than 150 to date)— have rejected the government's position."); Vimos v. Federal Detention Center Philadelphia, No. CV 26-780, 2026 WL 381173, at *n.12 (E.D. Pa. Feb. 11, 2026) (rejecting the Fifth's Circuit holding in Buenrostro-Mendez); De Andrade v. Rose, No. 26-603, 2026 WL 401189, at *5 (E.D. Pa. Feb. 12, 2026) (same).  Consequently, here, the Court holds as follows: (1) the Court has

1) By March 2, 2026, Respondents must provide Petitioner with a bond hearing under 8 U.S.C. 1226(a), in which the parties will be allowed to present evidence and argument regarding whether Petitioner is a danger to the community and presents a flight risk if not detained.

2) If Respondents fail to hold a bond hearing by March 2, 2026, they must release Petitioner from detention while he awaits the bond hearing.

3) By March 6, 2026, the parties shall provide the Court with a status update concerning the results of any bond hearing conducted pursuant to this Order, or if no bond hearing was held, advise the Court regarding Petitioner's release. Further, the parties shall advise the Court whether any additional proceedings in this matter are required and submit any proposals for the scope of further litigation.

BY THE COURT:

/s/ Joel H. Slomsky
—————————————————
JOEL H. SLOMSKY, J.

---

jurisdiction to hear Petitioner's case, and (2) only Section 1226(a) governs Petitioner's detention. Because Section 1226(a) provides for a bond hearing and Petitioner has not received one, Petitioner has demonstrated that his continued detention violates his rights under that provision.

Accordingly, Petitioner is entitled to the procedural protections afforded by Section 1226(a)—namely, a bond hearing before an Immigration Judge. As such, the Court will order Respondents to provide Petitioner with a bond hearing under Section 1226(a) by March 2, 2026. If Respondents do not hold a bond hearing by March 2, 2026, Petitioner must be released from detention while he awaits that hearing.

For the foregoing reasons, the Court will grant Petitioner Korera's Petition for Writ of Habeas Corpus (Doc. No. 1). Because Petitioner's Motion for a Temporary Restraining Order (Doc. No. 2) relies on the same statutory claims alleged in his Petition, Petitioner's Motion for a Temporary Restraining Order (Doc. No. 2) will be denied as moot.